IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3130 |
| vs. | |
| YARA SUJEY MARTINEZ GARCIA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report (PSR) in this case. The defendant has filed an objection to the PSR. Filing 232.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the PSR's recommendation regarding an adjustment for her role in the offense under U.S.S.G. § 3B1.2. Filing 232. That guideline provides for a two-level decrease in the offense level if the defendant was a "minor participant" in their offense, and a four-level decrease for "minimal" participants. U.S.S.G. § 3B1.2. The probation officer recommended that the defendant receive a two-level downward adjustment. PSR ¶ 43. But the defendant argues she is entitled to the full four-level adjustment (or at least three levels), and requests an evidentiary hearing on the matter. The Court will therefore hold a hearing on the matter and allow both sides to present evidence and argument, and the Court will resolve the matter at sentencing.

However, on the current record, the Court's tentative finding is that the probation officer was correct, and that the defendant is only entitled to a two-level adjustment as a minor participant. The full four-level adjustment only applies to defendants who are "plainly among the least culpable." U.S.S.G. § 3B1.2 cmt. n.4. And the Eighth Circuit has never found that someone's role as a courier was, in and of itself, sufficient to warrant a mitigating role reduction, nor the fact that a defendant was only involved in a single transaction. *United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013). The defendant, according to the PSR, made at least six trips, over approximately 4 months, to transport 24 pounds of very pure methamphetamine from Arizona to Nebraska, returning to Arizona with the proceeds. PSR at ¶¶ 32–34. This does not strike the Court as conduct making the defendant "plainly among the least culpable." *See, e.g.*, *United States v. Castillo*, 713 F.3d 407, 410–12 (8th Cir. 2013). That said, the Court is familiar with the more significant roles played by some other members of this conspiracy, and a two-level adjustment is likely appropriate. At this point, the Court finds the defendant's objection (filing 232) to be without merit.

3.    Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of April, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge